## GOULD et v THOMSON

Ohio Appeals, 2nd Dist, Franklin Co

No 3379. Decided Oct 15, 1941

Morton D. Gumble, Columbus, for plaintiffs-appellees.

Joseph Donovan, Columbus, for defendant-appellant.

## OPINION

By GEIGER, PJ.

This is an appeal from a judgment of the Municipal Court against the defendant-appellant for $115.00.

The petition states that on the 1st day of July, 1939, plaintiffs agreed to lease to the defendant for a period of one year at a rental of $57.50 per month commencing July 1st, certain property; that the defendant failed to pay the sum of $115.00 for which judgment is prayed.

The first defense was a denial of indebtedness; the second, an allegation that on November 30, 1939, the plaintiffs gave him written authority to sublet the premises; the third defense alleges that on April 2nd the plaintiffs entered into the premises which were then occupied by agreement under the permission to sublease, and disturbed the tenants' possession and ordered them to move.

The Court below made a finding of fact and conclusion of law to the effect that the parties entered into a written lease on July 1, 1939; that defendants agreed to rent the premises for a period of one year at a rental of $57.50 per month; that the lease contained a provision not to assign or sublet without consent in writing.

The Court finds that in the latter part of November defendant purchased a house of his own and sought a release from the operation of the lease, which plaintiffs refused; that the defendant then sought and obtained permission to sublet upon certain conditions as evidenced by a written statement; that the plaintiff reserved the right to refuse a subtenant that was not satisfactory and that thereafter defendant sublet the premises to one Kolahoski, without approval at a rental of $45.00; that plaintiff learned of the occupancy by Kolahoski and objecting thereto, requested the defendant to dispossess him and the plaintiff later revoked authority to sublease; that Kolahoski moved out about May 1st. As a conclusion the Court finds that the lease was unbroken; that the plaintiff did not consent to the tenancy of Kolahoski; that defendant is liable for the rental.

The errors assigned chiefly relate to the weight of the evidence and are to the effect that the decision is contrary to law and not sustained by suffiicent evidence and is against the weight thereof, and that the Court erred in overruling the defendant's motion for judgment non obstante veredicto.

The plaintiffs, by proper instrument, leased the premises to the defendant for a period of twelve months from July 1st, 1939. Said lease contains the provision that the lessee shall not lease or underlet said premises or any part thereof without the written consent of the lessor. The defendant having purchased the house near the premises in question sought to be relieved from the lease. The plaintiffs refused to do this. The defendant then entered into negotiations for authority to sublet the premises and ultimately secured a written consent from the plaintiffs under date of November 30, 1939, whereby the plaintiff authorized the defendant to sublet the premises in accordance with certain provisions which were that the tenant must meet with the owner's approval and do certain other things.

On April 17, 1940, the owner wrote to the defendant in answer to a letter

in which it was stated that the present occupants would vacate on April 30th. The letter stated that as the defendant had re-rented the place without plaintiff's approval or knowledge, and especially to a family with small children, which was prohibited, that she shall expect them to be out by that date; also permission to sublet is revoked. This notice states that the lease is in force until the expiration date as per contract, and that defendant will be held accordingly. It also states that if the defendant agrees to pay $57.50, the equivalent of one month's rent, the owner will accept possession on May 1st, and the lease would be cancelled as of that date; in other words, that if the defendant would then pay one month's rent of the two in dispute, that the lease could be cancelled. This was not paid.

Defendant entered into a contract for one year at a fixed rent. He afterwards purchased a property and sought to avoid the payment of the contracted rent, first, by having a release from the owners. This release was refused. He then sought to recoup his loss by securing permission from the owners to sublet. Such a permission was given under certain restrictions, which the Court below found were not complied with. The tenant that he secured left the premises and there were still two months rent to pay.

We have carefully read the record in this case and the brief of counsel. We find no cause to hold that the Court below erred in his judgment. The defendant made the mistake of signing the lease for a fixed term without any provision for cancellation in the event that he might wish to vacate the property. Whether this tenant left the premises because of the action of the plaintiff, or of his own accord, was a question for the Court below, and we do not feel inclined to disturb his judgment in that matter.

Judgment of the Court below affirmed.

HORNBECK & BARNES, JJ., concur.